UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| STEVEN SABO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:19-CV-00199-JRG-CRW |
| | ) | |
| GREENE CO SHERIFF'S DEPT and | ) | |
| FRANKLYN MORGAN, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

Plaintiff, an inmate in the Greene County Detention Center, filed a pro se complaint for violation of his civil rights pursuant to 42 U.S.C. § 1983 [Doc. 2]. On November 14, 2019, the Court entered an order allowing Plaintiff fifteen days from the date of entry of the order to file an amended complaint and notifying Plaintiff that if he failed to do so, this action would be dismissed [Doc. 6]. On November 23, 2019, Plaintiff filed a motion seeking extension of this deadline [Doc. 7]. On December 13, 2019, the Court granted this motion and allowed Plaintiff up to and including January 21, 2020, to file his amended complaint [Doc. 8]. However, on December 27, 2019, the United States Postal Service returned the Clerk's mail to Plaintiff containing this order as undeliverable [Doc. 9]. Accordingly, the Clerk resent it to the permanent home address Plaintiff listed in his complaint [Doc. 2 at 3] on that same day [Doc. 9]. However, Plaintiff has not complied with this order and the time for doing so has passed. Accordingly, this action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Rule 41(b) gives this Court gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am.*

*Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999).  The Court examines four factors when considering such a dismissal:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to respond to or comply with the Court's previous order is due to Plaintiff's willfulness and/or fault.  Specifically, it appears that Plaintiff received the Court's order allowing him up to and including January 21, 2020, to file his amended complaint after the Clerk sent it to his permanent home address but chose not to comply therewith.  As such, the first factor weighs in favor of dismissal.

As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's order has not prejudiced Defendants.

As to the third factor, the Court warned Plaintiff that the Court would dismiss this case if he failed to timely file an amended complaint [Doc. 6 at 6].

Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective.  Plaintiff was proceeding *in forma pauperis* [*Id.*] in this matter and has not responded to the Court's order.

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of Plaintiff's action pursuant to Rule 41(b).  Accordingly, this action will be **DISMISSED**.  The Court **CERTIFIES** that any appeal from this order would not be taken in good faith.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

ENTER:

                                s/J. RONNIE GREER
                           UNITED STATES DISTRICT JUDGE